13-4478-cv
*Glatt v. Fox Searchlight Pictures, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2014

(Argued: January 30, 2015)        Decided: July 2, 2015)

Docket No. 13-4478-cv

ERIC GLATT, ET AL.,

                                  Plaintiffs-Appellees

v.

FOX SEARCHLIGHT PICTURES, INC, ET AL.,

                                  Defendants-Appellants.

## ERRATA

| PAGE(S) | LINE | DELETE | INSERT |
|---|---|---|---|
| 12 | 12-13 | | not [after "relationship is" and before "created when"] |

Copies have been sent
by chambers to:

\_ Panel Members
\_ West Publishing Co.
\_ Clerk of Court

So Ordered:

_____ 7/21/15
John M. Walker, Jr., Circuit Judge     Date

which unpaid interns are not employees under the FLSA. They do not agree on what those circumstances are or what standard we should use to identify them.

The plaintiffs urge us to adopt a test whereby interns will be considered employees whenever the employer receives an immediate advantage from the interns' work. Plaintiffs argue that focusing on any immediate advantage that accrues to the employer is appropriate because, in their view, the Supreme Court in *Portland Terminal* rested its holding on the finding that the brakemen trainees provided no immediate advantage to the employer.

The defendants urge us to adopt a more nuanced primary beneficiary test. Under this standard, an employment relationship is not created when the tangible and intangible benefits provided to the intern are greater than the intern's contribution to the employer's operation. They argue that the primary beneficiary test best reflects the economic realities of the relationship between intern and employer. They further contend that a primary beneficiary test that considers the totality of the circumstances is in accordance with how we decide whether individuals are employees in other circumstances.

DOL, appearing as amicus curiae in support of the plaintiffs, defends the six factors enumerated in its Intern Fact Sheet and its requirement that every factor be present before the employer can escape its obligation to pay the worker. DOL argues (1) that its views on employee